Thomas L. Toepfer Hays City Prosecutor 114 W. 11th Street, P.O. Box 417 Hays, Kansas 67601-0417
Dear Mr. Toepfer:
As city prosecutor you request an opinion regarding the 1993 amendments to K.S.A. 21-2501 which require law enforcement officials to secure fingerprints from persons who are arrested for certain municipal ordinance violations. You indicate that most people who are charged with violating city ordinances are given uniform notices to appear and are generally not taken into custody. You inquire whether the police department is required to obtain fingerprints from these people.
K.S.A. 1993 Supp. 21-2501 provides, in relevant part, as follows:
 "(a) It is hereby made the duty of every sheriff, police department or county wide law enforcement agency in the state, immediately to cause two sets of fingerprint impressions to be made of a person who is arrested if the person:
 "(1) Is wanted for the commission of a felony. On or after July 1, 1993, fingerprints shall be taken if the person is wanted for . . . a violation of a . . . municipal ordinance which would be the equivalent of a class A or B misdemeanor under state law.
 "(b) The court shall ensure, upon the offenders first appearance, or at any event before final disposition of . . . a violation of . . . a city ordinance which prohibits an act which is prohibited by a class A or B misdemeanor, that the offender has been processed and fingerprinted."
"Arrest" as defined in the municipal court code does not include the giving of a notice to appear. K.S.A. 12-4113(d). K.S.A. 1993 Supp.21-2501 requires that fingerprints be taken only from a person who is arrested. Consequently, it is our opinion that a person who receives a notice to appear is not under arrest, and, therefore, the police department is not required to obtain fingerprints at that point. However, subsection (b) requires the court to ensure at the first appearance or before final disposition of the matter that fingerprints have been obtained. So, at some point, fingerprints must be obtained from a person charged with a municipal ordinance violation which is the equivalent of a class A or B misdemeanor.
We understand that there may be legislation introduced in this 1994 session that would repeal the requirement of fingerprints for these kinds of violations, however, at this writing, no bill has been introduced.
Summarizing, it is our opinion that law enforcement authorities are not required to obtain fingerprints from a person who is given a notice to appear for a municipal ordinance violation which would be the equivalent of a class A or B misdemeanor under state law. However, at that person's first appearance or at some point before final disposition of the matter, it is the court's responsibility to ensure that fingerprints have been secured.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Mary Feighny Assistant Attorney General
RTS:JLM:MF:jm